UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
--------------------------------------------------------
                                    :

TOBIAS R. REID,                    :        CASE NO. 1:11-CV-2043

                  :

        Plaintiff,           :

                  :

vs.                      :        OPINION & ORDER

                  :     [Resolving Doc. No. 3]

OFFICER STANLEY, et al.,    :

                  :

        Defendants.      :

                  :
--------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

     *Pro se* plaintiff Tobias R. Reid filed this action under 42 U.S.C. § 1983 against Cuyahoga Community College (hereinafter "Tri-C") security officers Stanley and Johnson; Tri-C Technology Learning Center Director Paul Abiola; and John Doe Technology Lab Clerk 1.  In the Amended Complaint,[1] plaintiff alleges defendants violated his constitutional rights when they asked him to leave the Tri-C Technology Learning Center.  He seeks monetary relief.

     Plaintiff has also filed a Motion to proceed *in forma pauperis*. (Doc. 2).  That Motion is granted.

---

[1]    Plaintiff filed a "Complaint for Temporary Injunction and Temporary Restraining Order" on September 27, 2011. (Doc. 1) He thereafter filed an Amended Complaint on October 5, 2011, naming the same parties and setting forth the same factual allegations. (Doc. 3).  Consistent with the rules of federal practice, this Court will rely on the facts and claims set forth in plaintiff's Amended Complaint, as it supersedes the original Complaint. *See* 6 Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1476 (2d. ed. 1990); *Drake v. City of Detroit*, 2008 WL 482283 at * 2 (6th Cir. Feb. 21, 2008).

## I.  Background

Plaintiff asserts he is a post-doctorate researcher, resident, fellow, volunteer professor, and philanthropist, and is board certified in clinical pathology, forensics and integrative medicine. (Doc. 3 at 1-2).[2]  In addition, plaintiff alleges he is "registered community user" at the Tri-C Metro Campus Technology Learning Center in Cleveland, Ohio.  He claims that, on September 26, 2011, he was logged onto a computer at the Technology Learning Center when he was approached by defendants Stanley and Johnson.  Plaintiff asserts defendant Stanley asked  plaintiff for identification and then loudly accused plaintiff of falsifying his identification.  Defendant Johnson then allegedly asked plaintiff to log off the student computer and stand by a desk located in the middle of the computer lab.  While there, and in view of a number of students and faculty, plaintiff asserts defendant Stanley accused him of lying and insulted him.  Defendants then escorted plaintiff out of the computer lab and told him "not to come back or he will be jailed for trespassing." (Doc. 3 at 2).  When plaintiff exited the building, he noticed defendant Abiola laughing with defendant John Doe Lab Clerk 1. (Doc. 3 at 3).

Shortly thereafter, plaintiff claims that he lost "over half of his registered students and clients in social media, [and] was questioned about the incident by numerous students." (Doc. 3 at 3).  He further claims that, while attending a function at the Seidman Cancer Center in October 2011, he was approached by various security officers and questioned regarding his status at University Hospitals.  Plaintiff asserts generally that defendant Stanley's statements to him, along with defendant Johnson's "illegal seizure of [his] lab space," proximately caused him to lose social

---

[2]    Plaintiff further claims he is a resident, consulting physician, and Director of Molecular Horticultural Therapy and Surgical Procedures-DOV at University Hospitals Case Medical Center. (Doc. 3 at 3).

media students, funding, and equipment for his post-doctorate research.  He further claims that

defendant Abiola, as Director of the Technology Learning Center, violated plaintiff's "constitutional

rights to post-doctorate research by abuse of authority, public funds and fraud in illegal seizure of

lab space, removal from lab and comments with unknown lab clerk 1."  (Doc. 3 at 4).

Plaintiff filed an Amended Complaint under 28 U.S.C. § 1983, alleging violations of his

rights under the No Child Left Behind Act as well as harassment, discrimination, intimidation,

illegal seizure, abuse of authority, and fraud.  (Doc. 3).  He seeks monetary relief.

## II.  Legal Standard

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365

(1982) (per curiam), the district court is required to dismiss an *in forma pauperis* action under 28

U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable

basis in law or fact.  *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997).  A claim

lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory

or when the factual contentions are clearly baseless.  *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility

in the complaint."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007).

A pleading must contain a "short and plain statement of the claim showing that the pleader

is entitled to relief."  *Ashcroft v. Iqbal* , 129 S.Ct. 1937, 1949 (2009).  The factual allegations in the

pleading must be sufficient to raise the right to relief above the speculative level on the assumption

that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555.  Plaintiff is not

required to include detailed factual allegations, but must provide more than "an unadorned,

the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S.Ct. at 1949.  A pleading that offers

-3-

legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir.1998).

### III. Analysis

Plaintiff asserts generally that he is bringing this action under 28 U.S.C. § 1983. To establish a claim under § 1983, plaintiff must establish that (1) he was deprived of a right secured by the Constitution or the laws of the United States, and (2) the deprivation was caused by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Simescu v. Emmet County Dep't of Soc. Services*, 942 F.2d 372, 374 (6th Cir. 1991). Section 1983 "is not itself a source of substantive rights," but merely provides "a method for vindicating federal rights elsewhere conferred." *Baker v. McCollan*, 443 U.S. 137, 144 n. 3 (1979). The first step in any such claim is to identify the specific constitutional right allegedly infringed. *Graham v. Connor*, 490 U.S. 386, 394 (1989); *Baker*, 443 U.S. at 140.

### A.    No Child Left Behind Act

Plaintiff first asserts that defendants violated his constitutional rights under the "No Child Left Behind Act" ("NCLB"), 20 U.S.C. § 6301 *et seq.* The Court rejects this argument for the following reasons.

The NCLB Act states that its purpose is "to ensure that all children have a fair, equal, and significant opportunity to obtain a high-quality education and reach, at a minimum, proficiency on challenging State academic achievement standards and state academic assessments." 20 U.S.C. § 6301. This purpose is to be accomplished by, among other things, "holding schools, local

educational agencies, and States accountable for improving the academic achievement of all students, and identifying and turning around low-performing schools that have failed to provide a high-quality education to their students." 20 U.S.C. § 6301(4).  Courts have held that the NCLB Act does not create a private right of action.  *See Newark Parents Assoc. v. Newark Public Schools*, 547 F.3d 199 (2008); *Fresh Start Academy v. Toledo Bd. Of Educ.*, 363 F.Supp.2d 910, 916 (N.D. Ohio 2005); *Henley v. Cleveland Bd. Of Educ.*, 2010 WL 918132 at *4 (N.D. Ohio March 10, 2010).

The Court finds that the NCLB Act has no application to the instant case.  By its terms, the NCLB Act is intended to ensure that *children* have the opportunity to obtain a high-quality education. It has no application to the plaintiff, who is an adult, and, even if it did, numerous courts have found that the Act does not create a private right of action.  *See e.g. Newark Parents Assoc.*, 547 F.3d at 214; *Henley*, 2010 WL 98132 at *4.

Accordingly, the Court finds plaintiff's claims that his rights were violated under the No Child Left Behind Act are subject to summary dismissal as to all defendants pursuant to § 1915(e).

**B.      Due Process**

Plaintiff next claims defendants illegally seized his computer lab space at the Tri-C Technology Learning Center, and violated his "constitutional rights to post-doctorate research by abuse of authority." (Doc. 3 at 4).  Giving the Amended Complaint a liberal construction, it appears plaintiff may be intending to assert a due process claim.

The Fifth Amendment provides that "no person shall be deprived of life, liberty or property, without due process of law." U.S. Const. Amend. V.  In addition to setting the procedural minimum for deprivations of life, liberty or property, the Due Process Clause bars "certain governmental

-5-

actions regardless of the fairness of the procedures used to implement them." *Daniels v. Williams*, 474 U.S. 327, 331 (1986).  It does not prohibit every deprivation by the government of a person's life, liberty or property.  *Harris v. City of Akron*, 20 F.3d 1396, 1401 (6th Cir. 1994).  Only those deprivations which are conducted without due process are subject to suit.  *Id*.

The Due Process Clause has a procedural component and a substantive one.  As the Sixth Circuit explained in *Howard v. Grinage*, 82 F.3d 1343, 1350 (6th Cir. 1996), "substantive due process prohibits the government's abuse of power or its use for the purpose of oppression, and procedural due process prohibits arbitrary and unfair deprivations of protected life, liberty, or property interests without procedural safeguards."  It appears that plaintiff may be asserting both procedural and substantive due process claims. The Court will address each in turn.

### 1.    Procedural Due Process

Plaintiff appears to allege that his procedural due process rights were violated when defendants "illegally seized" his computer lab space at the Tri-C Technology Learning Center.

The Court finds this claim to be without merit.  To establish a Fourteenth Amendment procedural due process violation, a plaintiff must show that a liberty or property interest is at stake. *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005).  Thus, procedural due process analysis involves two steps: "[T]he first asks whether there exists a liberty or property interest which has been interfered with by the State; the second examines whether the procedures attendant upon that deprivation were constitutionally sufficient."  *Ky. Dep't of Corrs. v. Thompson*, 490 U.S. 454, 460 (1989).  In other words, "the question of what process is due is relevant only if the inmate establishes a constitutionally protected interest." *Pickelhaupt v. Jackson*, 2010 WL 395929 at ** 2 (6th Cir. Feb. 4, 2010).

-6-

Property interests "are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law– rules or understandings that secure certain benefits and that support claims of entitlement to those benefits." *Bd. of Regents v. Roth*, 408 U.S. 564, 577 (1972).  To demonstrate a property interest, "a person clearly must have more than an abstract need or desire  for [a certain benefit]. . . [h]e must have more than a unilateral expectation of it;" rather, a person must have a "legitimate claim of entitlement."  *Id. See also Richardson v. Township of Brady*, 218 F.3d 508, 516-17 (6th Cir. 2000).

The Court finds plaintiff has not demonstrated that he has a protected property interest in the use of a student computer lab station at the Tri-C Technology Learning Center.  While plaintiff alleges that he is a "registered community user" at the Technology Learning Center, he does not explain what this means or point to any "existing rule or understanding" stemming from an independent source that supports his claim of entitlement to use of a Tri-C student computer lab station.  Accordingly, the Court finds plaintiff's procedural due process claims regarding the "illegal seizure of his computer lab station" are without merit and subject to summary dismissal as to all defendants pursuant to § 1915(e).

### 2.    Substantive Due Process

Construed liberally, the Amended Complaint appears to allege a substantive due process violation based on the allegation that defendants "abused their authority" when they interfered with his "constitutional right to post-doctorate research" and required him to leave the Technology Learning Center on September 26, 2011.

The substantive component of the Due Process Clause protects "fundamental rights otherwise not explicitly protected by the Bill of Rights" and serves "as a limitation on official

misconduct which, although not infringing on a fundamental right, " is so oppressive that it  "shocks the conscience."  *Howard*, 82 F.3d at 1349.   Fundamental rights are those specifically guaranteed by the United States Constitution and those rights that are "implicit in the concept of ordered liberty." *Palko v. Connecticut*, 302 U.S. 319, 325 (1937) *overruled on other grounds by Benton v. Maryland*, 395 U.S. 784 (1969). These generally include "the rights to marry, to have children, to direct the education and upbringing of one's children, to marital privacy, to use contraception, to bodily integrity, and to abortion."  *Washington v. Glucksberg*, 521 U.S. 702, 720 (1997).

        In addition, under substantive due process, courts have invalidated laws or actions of government officials that "shock the conscience." *See United States v. Salerno*, 481 U.S. 739, 746 (1987).   These actions are unconstitutional regardless of the procedural protections provided. *Parate v. Isibor*, 868 F.2d 821, 832 (6ᵗʰ Cir. 1989). A citizen, however, does not suffer a constitutional deprivation every time he is subjected to some form of harassment by a government agency.  *Id*. at 833.   The conduct asserted must be "so severe, so disproportionate to the need presented, and such an abuse of authority as to transcend the bounds of ordinary tort law and establish a deprivation of constitutional rights."  *Id*.

        The Court finds this claim to be without merit. Plaintiff does not have a constitutional right to post-doctorate research, particularly given that he has not alleged he is a student at Tri-C or that Tri-C offers any post-doctorate courses.  *See Bell v. Ohio State University*, 351 F.3d 240, 251 (6ᵗʰ Cir. 2003) (in the absence of an equal protection violation, finding no basis for conclusion that a medical student's interest in continuing her medical school education is protected by substantive due process).  Moreover, the Court finds defendants' alleged behavior in asking plaintiff to leave the Technology Learning Center does not "shock the conscience." While the Court does not doubt

that plaintiff was upset and insulted,  defendants' actions were not "so severe, so disproportionate to the need presented, and such an abuse of authority as to transcend the bounds of ordinary tort law and establish a deprivation of constitutional rights." *Parate,* 868 F.2d at 833.

Based on the above, the Court finds plaintiff has failed to allege either the violation of a fundamental right, or a governmental action that "shocks the conscience."  Accordingly, plaintiff's substantive due process claims are without merit and subject to summary dismissal as to all defendants pursuant to § 1915(e).

### C.     Equal Protection

Plaintiff alleges generally that defendants harassed him and discriminated against him when they asked him to leave the Technology Learning Center.  Giving the Amended Complaint a liberal construction, it appears plaintiff may be intending to assert an equal protection claim.

The Equal Protection Clause of the Fourteenth Amendment provides that a state may not "deny to any person within its jurisdiction the equal protection of the laws."  U.S. Const. Amend. XIV, § 1.  The Equal Protection Clause prohibits discrimination by government which either burdens a fundamental right, targets a suspect class, or intentionally treats one differently than others similarly situated without any rational basis for the difference. *See Radvansky v. City of Olmstead Falls*, 395 F.3d 291, 312 (6th Cir. 2005); *Rondigo, L.L.C. v. Township of Richmond*, 641 F.3d 673, 681-82 (6th Cir. 2011).

The Court finds plaintiff's equal protection claims to be without merit. Plaintiff does not allege that defendants have burdened a fundamental right, nor has he alleged that he was targeted for expulsion from the Technology Learning Center based on his inclusion in a suspect class. Further, plaintiff has not alleged that he was treated differently from other similarly situated users

of the student computer lab.  Simply reciting the words "discrimination"and "harassment" in the Amended Complaint is insufficient to state a claim under the Equal Protection Clause.  Even under the liberal standards applied to *pro se* pleadings, plaintiff must allege either direct or inferential allegations respecting all the material elements of a viable legal theory to satisfy federal notice pleading requirements. *See Schied v. Fanny Farmer Candy Shops, Inc*., 859 F.2d 434, 437 (6th Cir. 1988).  The Court finds plaintiff herein has failed to do so with respect to these claims.

Accordingly, plaintiff's equal protection claims for alleged discrimination and harassment are without merit and subject to summary dismissal as to all defendants pursuant to § 1915(e).

### D.  Remaining Claims

In addition to the claims discussed above, plaintiff asserts generally that defendants violated his constitutional rights to be free from intimidation, "public funds," and fraud.  It is unclear from the Amended Complaint whether these are intended to be federal constitutional claims, or state law claims.

To the extent plaintiff intends to assert these claims as federal constitutional claims, the Court finds them to be without merit. Principles requiring generous construction of *pro se* pleadings are not without limits. *See Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).  As set forth above, a complaint must contain either direct or inferential allegations respecting all the material elements of some viable legal theory to satisfy federal notice pleading requirements. *See Schied v. Fanny Farmer Candy Shops, Inc*., 859 F.2d 434, 437 (6th Cir. 1988).  District courts are not required to conjure up questions not squarely presented to them or to construct full blown claims from sentence fragments.  *See Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985); *Crawford v. Crestar Foods*, 2000 WL 377349 at * 2 (6th Cir. April 6, 2000). To do so would require

-10-

the courts "to explore exhaustively all potential claims of a *pro se* plaintiff . . . [and] would transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Id*. at 1278. Moreover, a plaintiff's failure to identify a particular legal theory in his Complaint places an unfair burden on defendants to speculate about the potential claims that a plaintiff may be raising against them and the defenses they might assert in response to each of these possible causes of action. *See Wells*, 891 F.2d at 594.

Even liberally construed, the Amended Complaint in the instant case fails to sufficiently plead federal constitutional claims relating to plaintiff's assertions of intimidation, "public funds" or fraud. Accordingly, to the extent these claims are intended to set forth federal causes of action, they are subject to summary dismissal under § 1915(e).

To the extent plaintiff intends to assert these claims as state law claims, the Court declines to exercise its supplemental jurisdiction. It is well-settled that a district court may decline to exercise supplemental jurisdiction over state-law claims once it has dismissed all claims over which it possessed original jurisdiction. *Saglioccolo v. Eagle Ins. Co.*, 112 F.3d 226, 233 (6th Cir. 1997). Indeed, the Sixth Circuit has recognized that if all federal claims are dismissed before trial, remaining state-law claims generally should be dismissed as well. *Id. See also Taylor v. First Am. Bank-Wayne*, 973 F.2d 1284, 1287 (6th Cir. 1992). Accordingly, to the extent plaintiff's intimidation, "public funds," and fraud claims are asserted under state law, they are subject to summary dismissal under § 1915(e).[3]

---

[3] To the extent plaintiff's harassment, discrimination, illegal seizure, and abuse of authority claims (analyzed *supra* as federal claims) are also brought under state law, the Court declines to exercise supplemental jurisdiction over these claims as well.

-11-

## IV.  Conclusion

Accordingly, this action is dismissed under section 1915(e).  The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[4]

IT IS SO ORDERED.


Dated: December 20, 2011                              *s/     James S. Gwin*
                                                      JAMES S. GWIN
                                                      UNITED STATES DISTRICT JUDGE

---

[4]     28 U.S.C. § 1915(a)(3) provides that "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith."